IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| AMERICAN MODERN SELECT | ) | |
| INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:12-00502-CG-N |
| | ) | |
| MARY ANN WITHERSPOON and | ) | |
| TERRIE WITHERSPOON BLEDSON, | ) | |
| | ) | |
| Defendants. | ) | |

REPORT AND RECOMMENDATION

This declaratory judgment action is before the Court on defendants' motion (doc. 16) to dismiss or for a stay.    The matter has been referred to the undersigned Magistrate Judge for entry of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). Upon consideration of the motion, plaintiff's response in opposition thereto (doc. 26), defendants' reply (doc. 27), and all other pertinent portions of the record, it is the recommendation of the undersigned that defendants' motion be **granted** and this declaratory judgment action related to insurance coverage be **dismissed**.

I.    Background and Procedural History.

This action concerns an insurance policy (Homeowner Policy for Manufactured Homes identified as Policy Number 0850046931938) issued by the plaintiff, American Modern Select Insurance Company ("AMSIC"), to Mary Witherspoon and Terrie Witherspoon Bledson (collectively "the Witherspoons") and effective May 16, 2011. (Doc. 26 at ¶¶ 1-2).    The subject of this insurance policy was a 2000 Clayton mobile

home (serial number GEO 1272294) and personal property located at 707 Lucas Street, Linden, Alabama. (Doc. 26 at ¶ 2).   On October 3, 2011, the insured property was damaged by fire.   (Doc. 26 at ¶ 3; Doc. 16-1 at 1).

The Witherspoons submitted a proof of loss to AMSIC dated January 13, 2012, and then gave examinations under oath on April 4, 2012.   (Doc. 26 at ¶ 5; Doc. 16-1 at 1).   On May 17, 2012 AMSIC filed a declaratory judgment action in the Northern District of Alabama seeking a declaration that it has no duty to pay the Witherspoons' claims and a reimbursement of proceeds advanced to either the defendants or any lienholder. (Doc. 16-1 at 2).   AMSIC alleges, *inter alia*, that the Witherspoon made unspecified intentional misrepresentations and concealed material facts; and the fires were "intentionally set and not accidental."   (*Id*.)

On July 20, 2012, the Witherspoons filed an action in the Circuit Court of Marengo County, Alabama against AMSIC and Velma Carlton, an Alabama resident and agent who took defendants' application for insurance. The claims asserted against AMSIC include bad faith failure to pay benefits and bad faith failure to investigate whether the benefits were due as well as negligence or wantonness in the hiring, training, supervising, and/or retention of Velma Carlton.   The claims against Velma Carlton include negligence or wantonness in submitting incorrect information to AMSIC which has proximately caused the denial of coverage in the instant case.

On July 23, 2012, AMSIC filed a motion (doc. 9) in the Northern District of Alabama Court acknowledging that its federal declaratory judgment action was filed in

the wrong venue and seeking transfer of the action to this Court, where venue is proper.[1]

AMSIC's motion was granted on July 24, 2012 (doc. 10) and this Court received the

action on August 9, 2012 (doc. 13).

The Witherspoons filed the present motion to dismiss or for a stay (doc. 16) on

August 30, 2012.   The motion is predicated on application of what has become known

as the *Willton/Brillhart Doctrine*[2]  to permit this Court to decline to entertain this

declaratory judgment action on the merits because there is a pending state court

proceeding which will fully resolve the controversy between the parties.   (Doc. 16-1 at

4, *citing, inter alia,* Wilton v. Seven Falls Co., 515 U.S. 277, 286 (1995); Brillhart v.

Excess Ins. Co. of America, 316 U.S. 491 (1942); and Ameritas Variable Life Ins. Co. v.

Roach, 411 F.3d 1328 (11th Cir. 2005).

AMSIC filed its response in opposition (doc. 26) on September 21, 2012.

AMSIC argues, in sum, that Witherspoons' state court action is due to be dismissed

because it was not filed in the federal declaratory judgment action as a compulsory

---

[1]  AMSIC maintains that "[a] typographical error in the Initial Complaint caused the
Complaint to be filed in the wrong District . . ."   (Doc. 26 at 8).

[2]  It is in Brillhart v. Excess Ins. Co. of America, 316 U.S. 491, 494-95 (1942), that the
Supreme Court made it abundantly clear that "[a]lthough the District Court had jurisdiction of
the suit under the Federal Declaratory Judgments Act, 28 U.S.C.A. § 400, it [i]s under no
compulsion to exercise that jurisdiction . . . [because] [o]rdinarily it would be uneconomical as
well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit
is pending in a state court presenting the same issues, not governed by federal law, between the
same parties.."   In Wilton v. Seven Falls Co., 515 U.S. 277, 279 (1995) the Supreme Court
resolved a conflict among the Circuits and held that the Brillhart discretionary standard governs a
district court's decision to stay a declaratory judgment action during the pendency of parallel
state court proceedings.

counterclaim under Ala. Code § 6-5-440.[3]   AMSIC essentially concedes that the
Ameritas factors weigh in favor of this Court's abstention but nonetheless argues that
"[t]o dismiss or stay this case would require the court to ignore *Code of Alabama*
6-5-440; and, the Alabama cases which interpret its function."   (Doc. 26 at 8).

A reply was filed by the Witherspoons on September 28, 2012 (doc. 27).   The
matter is now fully briefed and ripe for consideration by the Court.

II.   Wilton/Brillhart Abstention.

District courts have "substantial latitude in deciding whether to stay or dismiss a
declaratory judgment suit in light of pending state proceedings."   Great Lakes
Reinsurance (UK) PLC v. TLU Ltd., 298 Fed.Appx. 813, 814 (11th Cir. Oct. 10, 2008),
*quoting* Wilton v. Seven Falls Co., 515 U.S. 277, 286 (1995).   Accordingly, a district
court's stay or dismissal of a declaratory judgment action is reviewed for abuse of
discretion.   *Id.*   Under this standard, a district court's ruling is not reversed unless it
has "made a clear error of judgment, or has applied the wrong legal standard."   *Id.*,
*citing* Ameritas Variable Life Ins. Co. v. Roach, 411 F.3d 1328, 1332 (11th Cir. 2005).
The Eleventh Circuit has also declared that "the reviewing court, 'must be mindful that
the district courts are closer to the facts and the parties, and that not everything that is

---

[3] Code of Alabama §6-5-440 (1975) provides:

No plaintiff is entitled to prosecute two actions in the courts of this state at the
same time for the same cause and against the same party. In such a case, the
defendant may require the plaintiff to elect which he will prosecute, if
commenced simultaneously, and the pendency of the former is a good defense to
the latter if commenced at different times.

4

important about a lawsuit comes through on the printed page'." <u>Great Lakes</u>, 298 Fed.Appx. at 814, *citing* <u>Ameritas</u>, 411 F.3d at 1332.

In <u>Brillhart v. Excess Ins. Co. of America</u>, 316 U.S. 491, 494-95 (1942), the Supreme Court made it clear that "[a]lthough the District Court had jurisdiction of the suit under the Federal Declaratory Judgments Act, 28 U.S.C.A. § 400, it [i]s under no compulsion to exercise that jurisdiction . . . [because] [o]rdinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties.." In <u>Wilton</u>, 515 U.S. at 279, the Supreme Court resolved a conflict among the Circuits and held that the <u>Brillhart</u> discretionary standard governs a district court's decision to stay a declaratory judgment action during the pendency of parallel state court proceedings.

In <u>Ameritas Variable Life Ins. Co. v. Roach</u>, 411 F.3d 1328 (11th Cir. 2005), the Eleventh Circuit provided the following factors for consideration by district courts when balancing state and federal interests in concurrent litigations:

> (1) the strength of the state's interest in having the issues raised in the federal declaratory action decided in the state courts;
>
> (2) whether the judgment in the federal declaratory action would settle the controversy;
>
> (3) whether the federal declaratory action would serve a useful purpose in clarifying the legal relations at issue;
>
> (4) whether the declaratory remedy is being used merely for the purpose of "procedural fencing"-that is, to provide an arena for a race for res judicata

or to achieve a federal hearing in a case otherwise not removable;

(5) whether the use of a declaratory action would increase the friction between our federal and state courts and improperly encroach on state jurisdiction;

(6) whether there is an alternative remedy that is better or more effective;

(7) whether the underlying factual issues are important to an informed resolution of the case;

(8) whether the state trial court is in a better position to evaluate those factual issues than is the federal court; and

(9) whether there is a close nexus between the underlying factual and legal issues and state law and/or public policy, or whether federal common or statutory law dictates a resolution of the declaratory judgment action.

411 F.3d at 1331.   *See also* Great Lakes, 298 Fed.Appx. at 815 (same).   *Cf.*

Westchester Surplus Lines Ins. Co. v. Romar House Ass'n, Inc., 2008 WL 5412937 (S.D.

Ala. Dec. 29, 2008)(Action "dismissed without prejudice pursuant to *Wilton/Brillhart*

abstention, to enable the parties to litigate all issues pertaining to this dispute in the

[subsequently filed] parallel lawsuit currently pending in Baldwin County Circuit

Court.").   With this legal framework in mind, the court now turns to the specific grounds

advanced in defendants' motion to dismiss.

    III.   Analysis.

    The defendants argue, in sum, that this Court should exercise its Wilton/Brillhart

discretion by declining to exercise jurisdiction over this declaratory judgment action

under the factors set forth in Ameritas.   The defendants also argue that dismissal, rather

than a stay, is appropriate because: "(1) there is no suggestion that AMSIC might face a

time bar, if the state court action failed to resolve any of the issues and it therefore had to later bring a declaratory judgment action; and (2) granting a stay might create incentives for forum shopping and piecemeal litigation, as ASMIC might seek to derail litigation of the coverage claims in the state court action and thereafter seek to litigate those matters in federal court following a lifting of the stay."    (Doc. 16-1 at 16).

AMSIC opposes defendants' motion, in sum, on the grounds that, regardless of the Ameritas factors which support abstention and the fact that AMSIC filed this declaratory judgment action in the wrong court, AMSIC's case should be given precedence because it was nonetheless filed first. AMSIC further maintains that, if this Court elects to exercise its discretion to abstain, the action should be stayed rather than dismissed "pending a final resolution of AMSIC's Motion to Dismiss the Marengo County claims against AMSIC which is currently pending."    (Doc. 26 at 13).

In its opposition brief, AMSIC addresses the first Ameritas factor by conceding that "[t]he legal issues presented in this case are exclusively Alabama state law issues concerning interpretation of an insurance policy issued to an Alabama citizen with respect to fires which occurred in Alabama causing damage to the property insured by AMSIC."    (Doc. 26 at 9).   As to the second Ameritas factor , AMSIC admits that the federal declaratory action would not settle the entire controversy but "would settle all disputes between AMSIC and Witherspoon regarding coverage for the insurance claim submitted, as well as, whether AMSIC is entitled to collect money damages from Witherspoon as it seeks reimbursement of its costs, advances and payment to the loss

payee named on the policy."   (Id. at 9-10).   Despite these admissions, AMSIC argues

that:

> Witherspoon has violated *Code of Alabama* 6-5-440 by filing the same claims
> against AMSHIC [sic] in Marengo County Alabama that were pending the federal
> action [sic] filed two months previously.   Alabama case law holds that the federal
> case takes precedence over the state court case and the claims asserted by
> Witherspoon are subject to be dismissed.   The state's interest in having the issues
> raised in the federal declaratory action decided in the state courts is none.   In fact,
> if the federal declaratory judgment action is dismissed that would effectively
> forgive defendants' violation of <u>Code of Alabama</u> §6-5-440 and find it to be of no
> effect.

(*Id.*). The "case law" relied on by AMSIC for this proposition is <u>Ex parte Canal Insurance</u>

<u>Co.</u>, 534 So.2d 582, 583 (Ala.1988), in which the Court applied § 6-5-440 in tandem with

Fed.R.Civ.P. 13(a) to order the dismissal of a state-court action filed after a federal-court

action.   However, AMSIC's argument was rejected by this Court in <u>Westchester</u>, 2008

WL 5412937 at *4-5, where the declaratory judgment action was filed by the insurer in

federal court six weeks prior to the filing of the state court action by the insured. This

Court concluded:

> Separate and apart from its conjectural nature, there is another flaw in
> Westchester's assertion that this Court should decline abstention and instead
> assume that the state court may at some future date dismiss all Westchester/Romar
> claims pending before it [pursuant to Ala. Code §6-5-440]. Even if that course of
> events played out precisely as Westchester has foretold, the claims between Romar
> and Guy in state court would not and could not travel to federal court because of
> the non-diversity of those parties. Why is that a problem? Simply put, it would
> result in piecemeal litigation, which goes to the heart of the second Ameritas
> guidepost. This Court would be tackling the portion of this insurance dispute
> involving Westchester and Romar, with the state court deciding aspects of this
> same dispute between Romar and Guy. In the course of those parallel lawsuits,
> this Court and the state court would be called upon to examine a number of
> identical issues. By way of example, a common question in both sets of claims is

whether the insurance policy issued by Westchester actually provided "all-in" coverage. If this Court were to allow fractured litigation of this dispute in the manner that Westchester proposes, then both this Court and the state court would be called upon to interpret the same insurance policy to make a determination as to whether it did or did not provide for "all-in" coverage. The certainty of redundancy, coupled with the concomitant risk of inconsistent rulings and undue interference with state court proceedings, counsels against allowing the litigation to unfold in this manner.

The point is that a judgment in the federal declaratory action would not settle the controversy in its entirety. For this Court to proceed here would be effectively to guarantee double-tracked litigation, with at least the Romar/Guy claims (and perhaps the Romar/ Westchester claims, depending on how the state court decides Westchester's motion to dismiss) proceeding in state court in tandem with the Westchester/Romar claims here.

2008 WL 5412937 at *5.   Westchester's reasoning is even more applicable to the instant case because AMSIC first filed its federal declaratory judgment action in the wrong court.   Venue was not proper in the United States District Court for the Middle District of Alabama and, although the transfer of the case to this Court ultimately corrected the error, AMSIC did not file its motion to transfer to the proper venue until three days after the Witherspoons filed their complaint in the Marengo County Circuit Court.   The Alabama Supreme Court has held that "a determination that the federal-court action was pending at the time of the commencement of the state-court action is essential to the reliance by the insurer and its agent on Canal Insurance."   Ex parte Metropolitan Property and Cas. Ins. Co., 974 So.2d 967, 971 (Ala. 2007).   In the Metropolitan case, the original complaint in the declaratory judgment action was held by the federal court to be "insufficient to invoke this court's jurisdiction under 28 U.S.C. § 1332."   The Alabama Supreme Court held that such a finding "calls into question the existence of the

9

essential prerequisite of priority of the federal-court action."   <u>Metropolitan</u> ,974 So.2d at

971.   Consequently, the Alabama Supreme Court held that the "insurer and its agent

have failed to show a clear right to an order dismissing the state-court action [under

§6-5-440]." <u>Metropolitan</u>, 974 So.2d at 972.

As to the third <u>Ameritas</u> factor, AMSIC argues that, while "disposition of this

federal action would effect a clarification of the insurance coverage questions as between

AMSIC and Witherspoon; [] the Marengo County Circuit Court can also decide them so

this guidepost is neutral."   (Doc. 26 at 10).   AMSIC argues that the fourth <u>Ameritas</u>

factor favors this Court's maintaining jurisdiction of this case because the defendants are

the parties' guilty of "political fencing."   (<i>Id</i>.).   The actions of both sides in this

litigation can and should be held to have neutralized the effect of this <u>Ameritas</u> factor.

As to the fifth factor, AMSIC concedes that "there could be tension [between this

federal court and the state court] if both cases . . . are allowed to proceed."   (Doc. 26 at

10).   AMSIC's attempt to then discredit this admission by arguing that "Alabama law

mandates that the state court action against AMSIC be dismissed," is without merit for

the reasons stated above.

With respect to the sixth <u>Ameritas</u> factor, AMSIC argues that "to try the case in

state court would be more time and cost effective if consideration is given to the claims

made against the 3rd party in the state court case."   (Doc. 26 at 11).   AMSIC then

argues that "the claims between Witherspoon and AMSIC can be fully resolved in the

federal action so there is no alternative remedy that is better or more effective."   (<i>Id</i>.).

10

The <u>Ameritas</u> factors are, however, utilized to balance the concurrent cases, not the individual claims or issues contained in those cases.   *See e.g.* <u>Westchester</u>, 2008 WL 5412937 at *7 (Action "dismissed without prejudice pursuant to *Wilton/Brillhart* abstention, to enable the parties to litigate ***all*** issues pertaining to this dispute in the [subsequently filed] parallel lawsuit currently pending in Baldwin County Circuit Court.")(emphasis added).[4]

AMSIC asserts that the seventh and eighth factors are "neutral" to the extent that either this court or the state court can evaluate the relevant factual issues and "the Marengo County Court would have no reason to examine insurance coverage issues relative to Witherspoons' claims against the agent."   (Doc. 26 at 11).   Finally, AMSIC asserts that the ninth factor "will always weigh in favor of abstention . . . as almost every declaratory judgment case filed by an insurance company to decide coverage disputes, concerns state law issues and state law public policies, without reference to federal common or statutory law."   (*Id*.).

Although AMSIC complains that "[t]hese *Ameritas* guideposts are clearly designed to provide a court with justification to abstain from hearing almost any

_____

[4] This Court also concluded in <u>Westchester</u> that "having one court address the insurance-related issues arising from Hurricane Ivan's damage of Romar's property is clearly more efficient than having two courts address them redundantly in an overlapping, piecemeal, splintered approach."   2008 WL 5412937 at *6.   Plaintiff's claims against the non-diverse defendants in the state court case included "claims of breach of contract and bad faith against Westchester, as well as distinct state law claims against Guy for negligent failure to procure insurance and breach of contract."   *Id*. at *1.

declaratory judgment action involving first party insurance disputes where the insured brings claims against a 3rd party whose entry into the case will destroy diversity," the only argument it offers for contending that abstention is not justified in this case involves its own interpretation of "what is fair and just."   (*Id*. at 12).    According to AMSIC, it won the race to the courthouse, which should have forced the Witherspoons to file their claims against AMSIC as compulsory counterclaims or forfeit such claims under Ala. Code § 6-5-440.   (*See* Doc. 26 at 12).    AMSIC further theorizes that any effort by the Witherspoons to otherwise assert claims against a nondiverse 3rd party related to the fire underlying the coverage issues raised by AMSIC in this declaratory judgment action must be considered "judicial fencing" which should be punished by permitting this declaratory judgment action to proceed despite the Ameritas factors or, at the very least, by staying this action rather than dismissing it. (*Id*.).    As stated above, however, AMSIC filed its action in the wrong court.    The law certainly does not prohibit the Witherspoons from taking advantage of AMSIC's mistake by seeking their own judicial resolution of all claims related to the destruction of their property by fire and damages under a given insurance policy, including claims against nondiverse parties over which this Court lacks jurisdiction.    *See* Ex parte Metropolitan Property and Cas. Ins. Co., 974 So.2d at 971-72 (Insufficient original complaint in the declaratory judgment action held by the Alabama Supreme Court to "call[] into question the existence of the essential prerequisite of priority of the federal-court action," precluding dismissal of the later filed state court action under §6-5-440.).    It is, therefore, appropriate under all the circumstances for this

Court to abstain and no legitimate reason exists to merely stay the action.      Defendants'

motion to dismiss is due to be granted.

CONCLUSION

For the reasons stated above, it is recommended that the defendants' motion to

dismiss this declaratory judgment action (doc. 16) be **GRANTED** and this declaratory

judgment action be dismissed pursuant to *Wilton/Brillhart* abstention.

The attached sheet contains important information regarding objections to this

Report and Recommendation.

**DONE** this ___20th___ day of November, 2012.


/s/ Katherine P. Nelson
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1. **Objection**.   Any party who objects to this recommendation or anything in it must, within fourteen days of the date of service of this document, file specific written objections with the clerk of court.   Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.   See 28 U.S.C. § 636(b)(1)(c); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988); Nettles v. Wainwright, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc).   The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within [fourteen] days[5] after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.   The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made.   It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.   Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

(Emphasis added).   A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. **Transcript (applicable where proceedings tape recorded)**.   Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.   Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

DONE this ___20th___ day of November, 2012.

/s/ Katherine P. Nelson
UNITED STATES MAGISTRATE JUDGE

---

[5]  Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition [.]"   Fed. R. Civ. P. 72(b)(2).